CADES SCHUTTE
A Limited Liability Law Partnership

AMANDA M. JONES            8854-0
MICHAEL R. SOON FAH      11156-0
Cades Schutte Building
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone:  (808) 521-9200
Fax:  (808) 521-9210
Email:  ajones@cades.com
          msoonfah@cades.com

Attorneys for Defendant
L3HARRIS TECHNOLOGIES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PRESTON LEE,<br><br>             Plaintiff,<br><br>      v.<br><br>L3HARRIS TECHNOLOGIES, INC.;<br>JOHN DOES 1-10; JANE DOES 1-10;<br>DOE CORPORATIONS 1-10; DOE<br>PARTNERSHIPS 1-10; DOE<br>UNINCORPORATED<br>ORGANIZATIONS 1-10; and DOE<br>GOVERNMENTAL AGENCIES 1-10,<br><br>             Defendants. | CIVIL NO.<br>(Other Civil Action)<br><br>**DEFENDANT L3HARRIS<br>TECHNOLOGIES, INC.'S NOTICE<br>OF REMOVAL;**<br><br>**DECLARATION OF DANIELLE<br>STEWART;**<br><br>**DECLARATION OF AMANDA M.<br>JONES;**<br><br>**EXHIBITS 1-3;**<br><br>**CERTIFICATE OF SERVICE** |

## DEFENDANT L3HARRIS TECHNOLOGIES INC.'S
## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant L3HARRIS TECHNOLOGIES, INC. ("**L3Harris**"), gives notice of removal of this action from the Circuit Court of the Fifth Circuit, State of Hawaii ("**Circuit Court**") to the United States District Court for the District of Hawaii.  Removal is proper because this action satisfies the jurisdictional requirements of 28 U.S.C. § 1332 (diversity of citizenship), because venue here is proper and because L3Harris has satisfied the requirements for removal set forth in 28 U.S.C. §§ 1441 and 1446.  In support of its Notice of Removal, L3Harris states:

**1.     State Court Action**

Plaintiff Preston Lee ("**Plaintiff**") filed a complaint in Circuit Court against L3Harris on December 3, 2020 ("**Complaint**").  *See* Exhibit 1 attached hereto. Plaintiff filed a First Amended Complaint ("**FAC**") on December 16, 2020.  *See* Exhibit 2 attached hereto.

**2.     Receipt of Plaintiff's First Amended Complaint by L3Harris**

Through its counsel, L3Harris was served with a copy of Plaintiff's FAC on December 28, 2020. Declaration of Amanda M. Jones attached hereto ("**Jones Decl.**") ¶ 3.

- 2 -

### 3.      Removal of the Circuit Court Action

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over any civil action in which complete diversity of citizenship exists between the plaintiff and defendant and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

As discussed in further detail below, this action is removable because it meets all of the requirements under 28 U.S.C. §§ 1332 and 1441, venue is proper in the District of Hawaii, and this Notice of Removal is timely filed.

### 4.      Grounds for Removal

This Court has original jurisdiction under Section 1332(a) because there is complete diversity between the two named parties.  *See*  28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

As the FAC alleges, at all material times, Plaintiff was a resident of the County of Kauaʻi, State of Hawaiʻi. FAC (Ex. 2) ¶ 3.  L3Harris is incorporated in

Delaware and its principal place of business is Melbourne, Florida. *See* Declaration of Danielle Stewart attached hereto ("**Stewart Decl.**") ¶ 2. Complete diversity therefore exists between the parties.

In addition, the amount in controversy likely exceeds $75,000.[1] Federal courts have defined amount in controversy as "any result of the litigation, excluding interests and costs, that 'entail[s] a payment' by the defendant." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007)). This includes "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Id.*; *see also Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract."); *Kroske*, 432 F.3d at 980 (holding that the district court properly considered damages for alleged emotional

---

[1] When seeking removal, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (citing 28 U.S.C. § 1446(a)).

distress claimed by the plaintiff in an age discrimination case in concluding that the jurisdictional amount was satisfied).

For purposes of determining the amount in controversy where the plaintiff seeks lost wages for alleged wrongful termination, "the calculation of potential damages associated with the award of back pay extends from the date of termination until the date of judgment."   *Hossack v. CSG Sys., Inc.*, No. 8:13CV3178, 2014 WL 1794889, at *2 (D. Neb. May 6, 2014) (citing cases); *see also Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 102-03 (D. Mass. 2013) ("[F]or an unlawful termination claim, the damages for back pay are calculated from the date of termination to the date of judgment."); *Lowe v. Sears Holding Corp.*, 545 F. Supp. 2d 195, 196 (D.N.H. 2008) ("The amount in controversy in a wrongful discharge suit, then, includes what the plaintiff would have earned but for the termination of his employment, even if those sums had not yet become due at the time of removal."). The expected date of judgment is determined based on the duration of other similar cases alleging the same cause of action. *See Lucas*, 973 F. Supp. 2d at 102-03.

In his FAC, Plaintiff asserts three causes of action.  In Count I, Plaintiff asserts that he was discriminated against based on a disability and subjected to a hostile work environment in violation of Haw. Rev. Stat. § 378-2.  Ex. 2 (FAC) ¶¶ 96-100.  In Count II, Plaintiff appears to assert he was retaliated against and

wrongfully terminated in violation of Haw. Rev. Stat. § 378-2.  *Id.* ¶¶ 90-94; 101-104.   In Count III, Plaintiff asserts he was retaliated against purportedly for "reporting illegal practices" in violation of Haw. Rev. Stat. § 378-62.  *Id.* ¶¶ 105-108.

The FAC's Prayer for Relief states that Plaintiff seeks "special damages for the aforementioned Counts"; "compensatory damages, proximately caused by [L3Harris'] illegal conduct, including but not limited to, general damages for emotional distress"; "punitive or exemplary damages"; "reasonable attorney's fees and costs"; and "further relief both legal and equitable as [the Circuit Court] deems just".  Ex. 2 (FAC) Prayer for Relief at ¶¶ B, C, D, E, and H.

Plaintiff's demand for alleged "special damages" and other forms of relief along with his complaint about the termination of his employment suggests Plaintiff is seeking alleged lost wages (*i.e.* back pay) associated with the termination of his employment.  *See* FAC; *see also* HRS § 378-5(b) (providing that if plaintiff prevails in establishing that unlawful discrimination occurred, the court may order such affirmative action as deemed appropriate including restatement "with or without backpay"); HRS § 378-64 (authorizing a court rendering a judgment in favor of a plaintiff under the Hawaii Whistleblower Protection Act can order "payment of back wages").

The wage loss component of Plaintiff's demand alone likely meets the amount in controversy requirement. Plaintiff alleges that his employment was terminated on June 22, 2020, after having worked for many years for L3Harris. Ex. 2 (FAC). In both tax year 2018 and tax year 2019, Plaintiff's gross wages exceeded the $75,000 threshold. *See* Stewart Decl. ¶ 3. At the time Plaintiff's employment was terminated, he was earning $32.20 an hour and was classified as a full-time employee. *Id.*

Assuming judgment in this matter were entered one year after removal of this action (*i.e.*, December 2021), which is an extremely conservative estimate based on the current circumstances, his wage loss claim would span about 18 months. At Plaintiff's rate of pay, his wage loss claim for 18 months alone would exceed the jurisdictional amount.

Even if there was no wage loss component to Plaintiff's damages claim or it was less than described above, Plaintiff is also seeking damages for alleged emotional distress and seeking to recover attorneys' fees[2] and punitive damages. Those demands combined demonstrate that the amount in controversy more likely than not exceeds $75,000. *See Mendoza v. Am. Airlines, Inc.*, No. CV 10-7617 RSWL, 2010 WL 5376375, at *3 (C.D. Cal. Dec. 22, 2010) (holding that where

---

[2] Attorneys' fees can be awarded to a prevailing plaintiff under the statutes under which Plaintiff is asserting claims herein. *See* Haw. Rev. Stat. § 378-5(c); Haw. Rev. Stat. § 378-64.

plaintiff's complaint alleged he was "seeking damages from loss of income, lost benefits and the ongoing emotional and mental distress suffered by Plaintiff since the alleged incident underlying his claim" and also sought punitive damages and attorney's fees, it was "intelligently ascertainable that the amount of controversy exceed[ed] the minimum amount and the removal period commenced on the date Defendants were served with the Complaint").

Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332(a).

### 5. Procedural Requirements for Removal

L3Harris files this Notice of Removal pursuant to and in accordance with the requirements of 28 U.S.C. § 1446.  No previous application has been made for the relief requested herein.

### 6. Venue

The United States District Court for the District of Hawai'i embraces the county in which the state court action is now pending, and thus, this Court is the proper district court to which this case should be removed.  *See* 28 U.S.C. §§ 1441(a), 1446(a).  L3Harris also notes that Plaintiff already has a pending action in this court arising from the same alleged actions that are the subject of the complaint he filed in state court that L3Harris is removing.  *See* Exhibit 3 (Complaint filed by Plaintiff in 1:20-cv-00489 LEK-KJM).

**7.      Timeliness of Notice of Removal**

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because it is filed within 30 days after December 28, 2020, which is the date on which L3Harris was served with a copy of the FAC.  *See Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that the removal period does not end until 30 days after the defendant is formally served); Declaration of Amanda M. Jones attached hereto ¶ 3.

**8.      State Court Pleadings**

As 28 U.S.C. § 1446(a) requires, L3Harris attaches hereto as Exhibit 1 Plaintiff's original Complaint, including Plaintiff's demand for jury.  L3Harris also attaches hereto as Exhibit 2 Plaintiff's FAC, including Plaintiff's demand for jury and summons.  Exhibits 1 and 2 collectively constitute all process, pleadings, and orders that have been received by L3Harris or that are known to L3Harris.

**9.      Notice to Plaintiff**

Pursuant to 28 U.S.C. § 1446(d), L3Harris is providing written notice to Plaintiff's counsel and shall file a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court.

In filing this Notice of Removal, L3Harris does not waive any defense, exception, right, or motion.  L3Harris specifically reserves all defenses, exceptions, rights, and motions.  No statement or omission here shall be deemed to constitute

an admission by L3Harris of any of the allegations or damages sought in the Complaint, all of which L3Harris vigorously denies.

WHEREFORE, L3Harris removes this action from the Hawaii Circuit Court of the Fifth Circuit to the United States District Court for the District of Hawaii.

DATED:  Honolulu, Hawaii, January 4, 2021.

CADES SCHUTTE
A Limited Liability Law Partnership


*/s/ Amanda M. Jones*
AMANDA M. JONES
MICHAEL R. SOON FAH
Attorneys for Defendant
L3HARRIS TECHNOLOGIES, INC.